**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JANE DOE,                                                          :
                                                                   :
                      Plaintiff,         :    Case No. 24-CV-07777-LJL
                                                                   :
              v.                          :    Hon. Lewis J. Liman
                                                                   :
SEAN COMBS, DADDY'S HOUSE                                          :
RECORDINGS INC., CE OPCO, LLC d/b/a                                :
COMBS GLOBAL f/k/a COMBS ENTERPRISES                               :
LLC, BAD BOY ENTERTAINMENT HOLDINGS,                               :
INC., BAD BOY PRODUCTIONS HOLDINGS,                                :
INC., BAD BOY BOOKS HOLDINGS, INC., BAD                            :
BOY RECORDS LLC, BAD BOY                                           :
ENTERTAINMENT LLC, BAD BOY                                         :
PRODUCTIONS LLC, and ORGANIZATIONAL                                :
DOES 1-10,                                                         :

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION BY ORDER TO SHOW CAUSE TO PROCEED ANONYMOUSLY

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ..................................................................................................................... 7

    I.      PLAINTIFF FAILS TO CARRY HER BURDEN OF JUSTIFYING
            ANONYMITY UNDER THE *SEALED PLAINTIFF* FACTORS ........................ 7

           A.      Whether Litigation Involves Highly Sensitive Matters (Factor 1) ............ 8

           B.      Risk Of Physical Retaliation or Mental Harm, and Likelihood
                 and Severity of the Harm (Factors 2 and 3) ................................................. 9

           C.      Whether Plaintiff Is Particularly Vulnerable to Possible Harms
                 of Disclosure, Particularly in Light of Her Age (Factor 4) ...................... 10

           D.      Whether the Action Is Challenging the Government or Is
                 Between Private Parties (Factor 5) ........................................................... 10

           E.      Whether Defendant Is Prejudiced by Allowing Plaintiff to Pursue
                 Claims Anonymously (Factor 6) ............................................................... 11

           F.      Whether Plaintiff's Identity Has Been Kept Confidential
                 (Factor 7) ................................................................................................... 13

           G.      Whether the Public's Interest in the Litigation Is Furthered by
                 Requiring Plaintiff to Disclose Her Identity (Factor 8) ............................ 13

           H.      Whether There Is an Atypically Weak Public Interest in Knowing
                 Identities Because of a Purely Legal Nature of an Action
                 (Factor 9) ................................................................................................... 14

           I.      Whether Alternative Means Exist to Protect any Confidential
                 Information (Factor 10) ............................................................................. 15

           J.      The Sealed Plaintiff Factors Weigh Overwhelmingly Against
                 Anonymity ................................................................................................. 15

CONCLUSION ................................................................................................................. 16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andersen v. N. Shore Long Island Jewish Healthcare Sys.'s Zucker Hillside Hosp.*,
  No. 12-CV-1049 JFB ETB, 2013 WL 784344 (E.D.N.Y. Mar. 1, 2013)...................................2

*Anonymous v. Lerner*,
  124 A.D.3d 487 (1st Dep't 2015) ..............................................................................2

*Cobalt Multifamily Invs. I, LLC v. Arden*,
  857 F. Supp. 2d 349 (S.D.N.Y. 2011).......................................................................5

*Doe v. Combs*,
  No. 23-cv-10628 (JGLC), 2024 WL 863705 (S.D.N.Y. Feb. 29, 2024) ....................................2

*Doe v. Combs*,
  No. 24-CV-8054 (MKV), 2024 WL 4635309 (S.D.N.Y. Oct. 30, 2024)........................... passim

*Doe v. Combs*,
  No. 24-CV-08810 (LAK), 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025) ....................2, 9, 10, 13

*Doe v. Del Rio*,
  241 F.R.D. 154 (S.D.N.Y. 2006) ......................................................................6, 7, 14

*Doe v. Delta Air Lines, Inc.*,
  No. 23 CV 931 (RPK) (LB), 2023 WL 7000939 (E.D.N.Y. Sept. 7, 2023)......................6, 7, 8

*Doe v. Kidd*,
  19 Misc. 3d 782 (Sup. Ct. N.Y. Cnty. 2008) .............................................................3

*Doe v. MacFarland*,
  66 Misc. 3d 604 (Sup. Ct. N.Y. Cnty. 2019) ...........................................................12

*Doe v. McLellan*,
  No. CV 20-5997 (GRB)(AYS), 2020 WL 7321377 (E.D.N.Y. Dec. 10, 2020)......................10

*Doe v. Shakur*,
  164 F.R.D. 359 (S.D.N.Y. 1996) ..........................................................................8, 14

*Doe v. Skyline Auto., Inc.*,
  375 F. Supp.3d 401 (S.D.N.Y. 2019)..........................................................................14

*Doe v. Solera Capital LLC*,
  No. 18 Civ. 1769 (ER), 2019 WL 1437520 (S.D.N.Y. March 31, 2019)......................9, 10, 11

*Doe v. Townes*,
 No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159 (S.D.N.Y. May 12, 2020)......... 6, 7, 9, 14

*Doe v. Weinstein*,
 484 F. Supp. 3d 90 (S.D.N.Y. 2020)................................................................................ 9, 13, 14

*Doe v. Zinsou*,
 No. 19 CIV. 7025 (ER), 2019 WL 3564582 (S.D.N.Y. Aug. 6, 2019) .................................... 11

*N. Jersey Media Grp. v. Doe Nos. 1-15*,
 No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012) ....................... 7

*Rapp v. Fowler*,
 537 F. Supp. 3d 521 (S.D.N.Y. 2021)................................................................................. passim

*Roe v. Does 1-11*,
 No. 20-CV-3788-MKB-SJB, 2020 WL 6152174 (E.D.N.Y. Oct. 14, 2020) ........................... 7

*Sealed Plaintiff v. Sealed Defendant*,
 537 F.3d 185 (2d Cir. 2008)................................................................................................ 6, 7, 9

**Statutes**

28 U.S.C. § 1746 ................................................................................................................................ 5

**Rules**

Fed. R. Civ. P. 10 ........................................................................................................................ 6, 16

This memorandum of law is respectfully submitted on behalf of Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions, LLC (collectively, the "Combs Defendants") in opposition to Plaintiff Jane Doe's renewed motion seeking leave to litigate this action anonymously (ECF ##31-33) (the "Anonymity Motion").

## PRELIMINARY STATEMENT

Fairness, substantial justice, and well-settled precedent demand that Plaintiff disclose her identity. Plaintiff is an adult woman who makes allegations of sexual assaults that purportedly occurred nearly 30 years ago. In the instant application, she claims she is entitled to anonymity because "the media attention given to this case has been substantial" and "having [her] experiences played out in [such] a public forum" will be traumatic. *See* ECF #33 ("MOL") at 4, 5. Yet Plaintiff's counsel invited and multiplied the very media attention Plaintiff now claims justifies the extraordinary relief she seeks. It is well documented that Plaintiff's counsel orchestrated a media circus designed to draw maximum publicity to the numerous lawsuits that he has solicited and filed against the Combs Defendants, including this case. Plaintiff attempts to have it both ways: on the one hand, her lawyer claims that Plaintiff seeks to remain out of the public sphere but, on the other hand, her counsel invites media coverage through his highly publicized accusations against the Combs Defendants, which are designed to drum up new plaintiffs willing to allege claims against the Combs Defendants. Consistent with a long line of precedent, Southern District of New York Judges Lewis Kaplan and Mary Kay Vyskocil have recently denied substantially identical motions brought by the

1

same counsel in similar cases against the Combs Defendants.  *See Doe v. Combs*, No. 24-CV-08810 (LAK), 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025) (*sua sponte* denial of anonymity motion brought by Buzbee firm); *Doe v. Combs*, No. 24-CV-8054 (MKV), 2024 WL 4635309 (S.D.N.Y. Oct. 30, 2024) (same); *see also Doe v. Combs*, No. 23-cv-10628 (JGLC), 2024 WL 863705, at *4-6 (S.D.N.Y. Feb. 29, 2024) (denying motion to proceed anonymously in other litigation against Mr. Combs).  The same outcome is warranted here.

As has been widely reported in the press, Plaintiff's attorney Mr. Buzbee "has used Instagram and a widely publicized news conference to solicit clients . . . where he spoke in front of a backdrop displaying a large red hotline number that people with claims against Mr. Combs could call."  Julia Jacobs, *A Lawyer Seeking Sean Combs Accusers via Hotline Files 6 Lawsuits*, The New York Times (Oct. 15, 2024), https://www.nytimes.com/2024/10/15/arts/music/sean-combs-diddy-tony-buzbee-lawsuits.html.  Mr. Buzbee claims that thousands of people have called this hotline and that his firm represents at least 120 of them.  *See* Emily Crane, *Sean 'Diddy' Combs hotline gets staggering 12K calls in just 24 hours, lawyer claims*, New York Post (Oct. 4, 2024, 7:22 A.M.), https://nypost.com/2024/10/04/entertainment/diddy-combs-hotline-gets-12k-calls-in-one-day-lawyer-claims.  Mr. Buzbee has described the allegations of a number of these clients directly to the press.  *See id.*[1]

This deliberate publicity hunting is reason enough to deny Plaintiff's hypocritical request for anonymity.  *See Andersen v. N. Shore Long Island Jewish Healthcare Sys.'s Zucker Hillside Hosp.,* No. 12-CV-1049 JFB ETB, 2013 WL 784344, at *4 (E.D.N.Y. Mar. 1, 2013) (denying anonymity because  plaintiff had publicized her experiences under a pseudonym); *Anonymous v.*

---

[1] *See also* Anne Branigin and Herb Scribner, *120 additional sexual assault lawsuits to be filed against Sean 'Diddy' Combs*, The Washington Post (Oct. 1, 2024), https://www.washingtonpost.com/style/2024/10/01/diddy-sexual-assault-lawsuit-victims-tony-buzbee/.

*Lerner*, 124 A.D.3d 487, 487–88 (1st Dep't 2015) (denying anonymity to plaintiff where she had "undermined [her privacy concern] by her reporting her story to the media"); *Doe v. Kidd*, 19 Misc. 3d 782, 789 (Sup. Ct. N.Y. Cnty. 2008) (denying anonymity to plaintiff where "instead of declining comment to the press's inquiries concerning th[e] action, plaintiff's representatives undermined her purported interest to keep her personal matters 'private,'" by responding to reporters and "openly identif[ying] and criticiz[ing] the defendant, thereby sensationalizing th[e] case even more").

Even if Plaintiff's request for anonymity had not been preceded by a cynical campaign to attract media attention, it would still be unjustified. Under well-settled authority in New York, to serve the public's constitutional right to be informed and to ensure fair and open courts, a plaintiff must include his or her legal name in the pleading unless he or she can demonstrate extraordinary circumstances supported by sworn testimony in the form of an affidavit. Anonymous plaintiffs are the rare exception, not the norm, and anonymity may only be granted where a plaintiff can prove particularized reasons why he or she deserves relief from the default rule. *Pro forma* applications, as here (and in more than a dozen other nearly identical applications recently filed by Mr. Buzbee), which provide only vague reasons for the extraordinary, atypical relief sought here, are routinely rejected by the courts.

Allowing Plaintiff to conceal her identity has and will continue to substantially prejudice Defendants. Plaintiff seeks an unfair litigation advantage, as the Defendants have been and will be subjected to scrutiny, scorn, and ridicule because of her accusations, while Plaintiff is cloaked in the comfort of anonymity, shielded from public examination that might test her credibility. Moreover, Defendants will be deprived of crucial information and/or materials about Plaintiff that would otherwise come to light, because Plaintiff's anonymity

3

frustrates their ability to interview witnesses or to benefit from those who may come forward once her identity is publicly disclosed.

New York courts operate under the constitutionally rooted presumption of open proceedings precisely to avoid this inherent unfairness and bias. These courts have consistently held that the mere fact that a claim involves allegations of sexual assault is insufficient to overcome the default rule of open court proceedings. The Defendants and the public have a right to a fair, transparent, and two-sided fact-finding process.

While Plaintiff's legal name must be revealed under law, to the extent there are actual concerns about the sensitivity or privacy of her lawsuit, there are other mechanisms to protect confidentiality where necessary. But there are no extreme or special circumstances that compel the continued wholesale suppression of Plaintiff's identity, particularly given her lawyer's campaign to maximize negative publicity against Defendants while he demands secrecy for his clients.

For all these reasons, Plaintiff's motion to pursue this action under a pseudonym should be denied.

## **FACTUAL BACKGROUND**

On October 14, 2024, Plaintiff filed the Complaint, which alleges that she was sexually assaulted by Mr. Combs on a single occasion in 1995, at a party at Elks Plaza in New York City. *See* Complaint, ECF #1 ("Compl.") ¶¶ 34-50.

On January 13, 2025, Plaintiff filed the Anonymity Motion. The sole support for the Anonymity Motion is a memorandum of law and a short declaration from her lawyer, Mr. Buzbee, consisting of conclusory statements and hearsay. *See* ECF #33; ECF #32 ("Buzbee Declaration" or "Buzbee Decl."). The Buzbee Declaration is inadmissible because it does not

contain the statement required under 28 U.S.C. § 1746 that the declaration is made "under penalty of perjury under the laws of the United States of America."  28 U.S.C. § 1746; *see Cobalt Multifamily Invs. I, LLC v. Arden*, 857 F. Supp. 2d 349, 356 (S.D.N.Y. 2011) (written statement inadmissible where it is neither sworn nor declared under penalty of perjury).  Accordingly, Plaintiff has not submitted any evidence in support of the Anonymity Motion.

Even if the contents of the MOL and Buzbee Declaration are considered by the Court, the main ground for anonymity is Plaintiff's counsel's hearsay statement that "an overwhelming number" of his "200 clients with claims against Mr. Combs . . . have stated to me or attorneys at my firm, during their intake process, that Mr. Combs made threats of violence against them." *See* Buzbee Decl. ¶ 4.  The only threat relating to Plaintiff is an unsubstantiated allegation from Mr. Buzbee—unsupported by a statement from anyone with personal knowledge—that Mr. Combs told Plaintiff at the time of the alleged assault in 1995, "You better not tell anyone about this, or you will disappear."  *Id*. ¶ 5.  Neither the Complaint nor the Anonymity Motion alleges any contact between Defendants and Plaintiff since 1995.  Mr. Combs is presently incarcerated pending trial on criminal charges.  *See U.S.A. v. Combs*, Case No. 24-cr-00542 (S.D.N.Y.), ECF #92.

In short, Plaintiff provides no sworn, first-hand justification for the extraordinary relief of pursuing this case anonymously.  Second-hand references from her attorney about threats allegedly made nearly 30 years ago or concerning other anonymous clients, or about the trauma inherent in sexual assault, are insufficient as a matter of law to grant the requested relief.  This motion should accordingly be denied.

## **LEGAL STANDARD**

It is well established that "[c]ourts . . . begin with a presumption against anonymous or

pseudonymous pleading[s]," because there is a presumption of disclosure of parties in civil

lawsuits. *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citation omitted). As the

Second Circuit observed, "[t]he people have a right to know who is using their courts." *Sealed*

*Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (citation omitted).

Lawsuits between private parties "advance the public's interest in enforcing legal and

social norms," and in such cases, "open proceedings serve the judiciary's interest in a fair and

accurate fact-finding adjudication." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL

2395159 at *2 (S.D.N.Y. May 12, 2020). The judicial system's objective of "fundamental

fairness" requires a plaintiff to disclose his or her true name in a civil case involving potentially

damaging allegations about a defendant's conduct. *See*, *e.g.*, *id.* at *5.

This core presumption of openness, which this Circuit has held "serves the vital purpose

of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly,"

*Sealed Plaintiff*, 537 F.3d at 188-89, is rooted in Fed. R. Civ. P. 10, which necessitates that the

"title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). Rule 10 has implicit

constitutional implications. "Plaintiffs' use of fictitious names runs afoul of the public's common

law right of access to judicial proceedings," which "right . . . is supported by the First

Amendment." *Del Rio*, 241 F.R.D. at 156 (citation omitted).

A plaintiff has the burden of proof to rebut the presumption demanding full disclosure

under Rule 10. "District courts have discretion to grant an exception to Rule 10(a) only where

the litigant seeking to proceed anonymously has a substantial privacy interest that outweighs any

prejudice to the opposing party and 'the customary and constitutionally embedded presumption

of openness in judicial proceedings.'" *Doe v. Delta Air Lines, Inc*., No. 23 CV 931 (RPK) (LB),

2023 WL 7000939 at *2 (E.D.N.Y. Sept. 7, 2023) (emphasis added) (quoting *Rapp v. Fowler*,

537 F. Supp. 3d 521, 526-27 (S.D.N.Y. 2021)).

This Circuit applies a ten-factor, non-exhaustive test, which balances the interests of the plaintiff, the public, and the defendant to determine whether a party should be allowed to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 190. A party may plead anonymously only in unique circumstances described as "special" and "exceptional." *Id.* at 189; *N. Jersey Media Grp. v. Doe Nos. 1-15*, No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331 at *4 (S.D.N.Y. Nov. 26, 2012). These requests for anonymity are commonly denied by the courts of this Circuit, which have shown a strong preference for parties to use their true names in pleadings and not pseudonyms. *See, e.g.*, *Combs*, 2024 WL 4635309 at *2; *Delta Air Lines, Inc.*, 2023 WL 7000939; *Rapp*, 537 F. Supp. 3d 521; *Townes*, 2020 WL 2395159; *Del Rio*, 241 F.R.D. 154.

Here, Plaintiff fails to satisfy the *Sealed Plaintiff* factors. Accordingly, this Court should deny this Motion and order Plaintiff to proceed under her true name if she intends to pursue this action.

## ARGUMENT

## I. PLAINTIFF FAILS TO CARRY HER BURDEN OF JUSTIFYING ANONYMITY UNDER THE *SEALED PLAINTIFF* FACTORS

In *Sealed Plaintiff*, the Second Circuit identified ten factors to consider when evaluating a plaintiff's request to proceed anonymously. For each factor, the plaintiff bears the burden of establishing that it supports anonymity. When the plaintiff "has not sufficiently shown that a factor weighs in favor of proceeding anonymously, the Court will deem that factor as weighing against him." *Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174 at *2 (E.D.N.Y. Oct. 14, 2020). Here, Plaintiff has not and cannot show use of a pseudonym is warranted.

**A.      Whether Litigation Involves Highly Sensitive Matters (Factor 1)**

Courts have consistently held "that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Combs*, 2024 WL 4635309 at *2; *Doe v. Shakur*, 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996) (collecting cases). "A claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously." *Delta Air Lines, Inc.*, 2023 WL 7000939 at *2 (citation omitted). Were it enough, "virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously." *Id*. Accordingly, even where a litigation involves highly sensitive matters of a sexual nature, this factor is "not dispositive." *Combs*, 2024 WL 4635309 at *2.

Courts therefore routinely deny anonymity even where the litigation involves highly sensitive matters, including allegations of severe sexual misconduct. *See*, *e.g.*, *id.* at *2 (denying anonymity in case where plaintiff alleged that defendant "raped her in frightening circumstances"); *Rapp*, 537 F. Supp. 3d at 524 (denying anonymity where plaintiff alleged that he was sexually abused as a minor); *Shakur*, 164 F.R.D. at 361 (denying anonymity despite allegations "plaintiff was the victim of a brutal sexual assault").

Plaintiff has made no particularized showing that she would suffer unique or extraordinary harms that set her apart from the typical sexual misconduct plaintiff. Accordingly, this factor does not support her request for relief. Regardless of the sexual nature of her allegations, Plaintiff may not hide behind a pseudonym. She "has made serious charges and has put [her] credibility in issue. Fairness requires that [she] be prepared to stand behind [her] charges publicly." *Shakur*, 164 F.R.D. at 361.

8

**B.    Risk Of Physical Retaliation or Mental Harm, and Likelihood and Severity of the Harm (Factors 2 and 3)**

For the second and third factors, courts evaluate whether identification poses a risk of physical retaliation or severe mental harm to the party seeking to remain anonymous or, "more critically," to third parties, and the likelihood and severity of those claimed harms. *Sealed Plaintiff*, 537 F.3d at 190. The claimed risks "must be more than speculative claims of physical or mental harms." *Townes*, 2020 WL 2395159 at *4; *see also Combs*, 2024 WL 4635309 at *3 ("courts require direct evidence linking disclosure of plaintiff's name to a specific injury. . . . conclusory statements and speculation about mental harm to Plaintiff are insufficient"). "Evidence of embarrassment, social stigmatization, and economic harm" are insufficient to warrant anonymity. *Id.*; *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 94-95 (S.D.N.Y. 2020) (similar); *Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2019 WL 1437520 at *4 (S.D.N.Y. March 31, 2019).

Plaintiff's allusions to purported "threats" are insufficient. The sole support for the Anonymity Motion is the Buzbee Declaration, which contains an unsubstantiated reference to an alleged threat from Mr. Combs at the time of the incident in 1995. This is insufficient to support finding a risk of present harm. *See Combs*, 2024 WL 4635309 at *2 (holding that allegation that "twenty years ago, Combs threatened Plaintiff's life if she fled at the time of the alleged rape" insufficient to show "present threat of physical harm" because Plaintiff has alleged "no contact with Plaintiff for the approximately twenty years since the alleged rape and Combs is currently detained pending trial").

As in similar cases pending in this District, here the Buzbee firm also offers "a vague, generic, and speculative claim that 'having [her traumatic experience] played out in a public forum could spark more trauma'" for the Plaintiff. *Combs*, 2025 WL 268515 at *3. But this

"conclusory assertion of the possibility of generalized harm – applicable to all victims of sexual assault – is insufficient to carry her [Plaintiff's] burden." *Id.*

Plaintiff's counsel also unsuccessfully attempts to invoke hearsay statements about purported threats to <u>other litigants</u> unrelated to this action. These exact same statements from the Buzbee firm have been repeatedly rejected as a ground for anonymity. *See id.* ("The only support for this claim [of risk of physical harm] is her counsel's declaration that '[n]early all of the victims represented by [his firm] experienced similar threats of violence against either themselves or their loved ones.' There is no basis for assuming that plaintiff's counsel has reliable information to that effect."); *Combs*, 2024 WL 4635309, at *2 (rejecting same arguments based on purported physical threats to non-party clients represented by Mr. Buzbee). In the absence of any evidence of a specific present threat concerning this Plaintiff or her claims, no finding of harm is warranted. *Id.*

### C.    Whether Plaintiff Is Particularly Vulnerable to Possible Harms of Disclosure, Particularly in Light of Her Age (Factor 4)

The age of the plaintiff seeking to maintain anonymity is the "critical factor in this determination." *Solera Capital LLC*, 2019 WL 1437520, at *6. Where, as here, the "plaintiff is not a child, this factor weighs against a finding for anonymity." *Id.*

### D.    Whether the Action Is Challenging the Government or Is Between Private Parties (Factor 5)

Because this lawsuit is between private parties, this factor weighs against anonymity. Courts are less inclined to permit a party to proceed anonymously when the dispute is between private parties, because such lawsuits "may cause damage to their good names and reputations." *Doe v. McLellan*, No. CV 20-5997 (GRB)(AYS), 2020 WL 7321377 at *2 (E.D.N.Y. Dec. 10, 2020) (internal quotations omitted). And in lawsuits between private parties, "there is a significant interest in open judicial proceedings since such suits do not only advance the parties'

10

private interests, but also further the public's interest in enforcing legal and social norms." *Solera Capital LLC*, 2019 WL 1437520 at \*6 (internal citations omitted).

E.       **Whether Defendant Is Prejudiced by Allowing Plaintiff to Pursue Claims Anonymously (Factor 6)**

The prejudice to the Combs Defendants will be substantial if Plaintiff is permitted to proceed under a pseudonym, and this factor weighs heavily in favor of disclosure.  As Judge Vyskocil recently held in a similar case against Mr. Combs: "In considering whether defendants would be prejudiced by a plaintiff proceeding under a pseudonym, courts have weighed difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously.  Defendants likely would be prejudiced in all of these respects." *Combs*, 2024 WL 4635309 at \*4 (internal quotations and citation omitted).

By pursuing this case anonymously against a well-known individual and businesses, Plaintiff has created a purposeful imbalance: on the one hand, a plaintiff who is not required to publicly stand by her allegations, and on the other hand, Defendants who are being excoriated by the media based on vague and unsubstantiated accusations (amplified by Plaintiff's counsel's deliberate efforts to attract media attention).  This imbalance can affect every point of the litigation – from discovery to possible settlement negotiations to trial.  For instance, "a plaintiff may hold out for a larger settlement when the plaintiff knows that the defendant faces reputational risk not reciprocated by the plaintiff." *Doe v. Zinsou*, No. 19 CIV. 7025 (ER), 2019 WL 3564582 at \*7 (S.D.N.Y. Aug. 6, 2019)*.

Additionally, more prejudice exists in this case than is typical because Defendants are in the public spotlight, and Plaintiff's accusations have been, and continue to be, highly publicized and corrosive to their public image, in large part, because of Plaintiff's lawyer's media statements.  In *Rapp*, the court noted that prejudice is compounded when claims are brought

11

"against someone in the public eye, especially if the substance of the claim makes it likely to attract significant media attention." 537 F. Supp. 3d at 527, 531 (finding famous actor "suffered significant reputational damage" and "[i]t would be harder to mitigate against that stigma if [plaintiff] were permitted to remain anonymous").

The potential prejudice is further exacerbated in this case by the fact that the allegations date back to 1995, making investigation challenging even with full information. *See Combs*, 2024 WL 4635309 at *5 ("the potential prejudice to Defendants is particularly stark here because Plaintiff is bringing a lawsuit about an incident that allegedly occurred approximately twenty years ago, which may be difficult to defend even with information about Plaintiff's identity").

Finally, Plaintiff's request to use a pseudonym materially prejudices Defendants' ability to investigate the accusations and claims in order to defend themselves. *Id.* at *3 ("Plaintiff has chosen to bring this lawsuit, leveling serious charges against Combs and, as such, she has put her credibility in issue. Combs is, therefore, entitled to investigate her background and challenge her allegations and her credibility.") (internal quotations omitted). If Plaintiff's name remains concealed from the public, knowledgeable witnesses who might otherwise come forth with relevant information will not have an opportunity to do so. *Id.* at *5 ("highly publicized cases can cause unknown witnesses to surface. However, if Plaintiff's name is kept from the public, information about only one side may thus come to light.") (internal quotations and citation omitted). Moreover, Defendants should be able to disclose Plaintiff's name in order to identify third parties with potentially relevant information and to question them about Plaintiff and her accusations and claims. *See Doe v. MacFarland,* 66 Misc. 3d 604, 628 (Sup. Ct. N.Y. Cnty. 2019) (noting that even in cases where a plaintiff's name is revealed to the defendant, "courts

12

will have to consider whether allowing a plaintiff to proceed under a pseudonym works to prejudice defendant's ability to locate witnesses or conduct a proper investigation").

Plaintiff's purported counterargument—that there is no prejudice because Plaintiff's identity has been unknown to the Defendants from the time of the alleged assault until now (*see* MOL at 6-7)—has been rejected as "nonsensical." *Combs*, 2025 WL 268515 at *1. "Whether or not the plaintiff was known to the defendants prior, during, or after the assault, use of a pseudonym by the plaintiff would cause a significant asymmetry in fact-gathering." *Id.*

## F.    Whether Plaintiff's Identity Has Been Kept Confidential (Factor 7)

Plaintiff's lawyer states that Plaintiff has not publicly disclosed the alleged sexual assault. But given that Plaintiff's lawyer has heavily promoted his cases against Defendants in the media and on social media, this statement is at best a half-truth, as Plaintiff's representatives have sought to reap the rewards of attracting public attention to this case.  Moreover, Plaintiff's counsel represents that Plaintiff "has not spoken publicly about the incidents" she alleges in the Complaint.  Buzbee Decl. ¶ 7 (emphasis added).  Counsel's representation therefore "leaves open the possibility that Plaintiff has spoken privately to an unknown number of people without having ever received assurances of confidentiality from any of them." *Combs*, 2024 WL 4635309 at *5 (citing *Rapp*, 537 F. Supp. 3d at 529).

Furthermore, even if this factor is adjudicated as weighing in Plaintiff's favor, Factor 7 is not dispositive (*see id.*), particularly when the lawsuit has already received media attention and "the public's interest in th[e] case includes an interest in knowing Plaintiff's identity." *Weinstein*, 484 F. Supp. 3d at 97.

## G.    Whether the Public's Interest in the Litigation Is Furthered by Requiring Plaintiff to Disclose Her Identity (Factor 8)

This factor favors disclosure of Plaintiff's name because "lawsuits are public events and

the public has a legitimate interest in knowing the facts involved in them.  Among those facts is the identity of the parties." *Shakur*, 164 F.R.D. at 361; *see also Weinstein*, 484 F. Supp. 3d at 97-98; *Del Rio*, 241 F.R.D. at 157 ("The press and public can hardly make an independent assessment of the facts underlying court cases, or even assess judicial impartiality or bias, without knowing who the litigants are.").  The public has "a right of access to the courts," *Shakur*, 164 F.R.D. at 361, which militates strongly against anonymity.

Plaintiff's meritless argument that anonymity is against the public interest because it could deter other lawsuits has been rejected in another recent case involving the Combs Defendants.  *See Combs*, 2024 WL 4635309 at *6 ("a number of other alleged victims have already sued Combs in their own names . . . those plaintiffs obviously were not deterred by the long line of previous cases in which courts in this District have rejected motions to proceed under a pseudonym brought by alleged victims of sexual assault").  It is neither uncommon nor unreasonable to expect plaintiffs in sexual assault cases to sue using their legal names, and indeed multiple such non-anonymous cases have been filed in recent months against the Combs Defendants.  *See id.*

### H.    Whether There Is an Atypically Weak Public Interest in Knowing Identities Because of a Purely Legal Nature of an Action (Factor 9)

Under this factor, the public interest in disclosure of the litigants' names may be diminished if the issues are purely legal in nature.  *Townes*, 2020 WL 2395159 at *6.  But where the action involves not abstract questions of law but particular incidents or actions, the public's interest in open proceedings "serve the judicial interest in accurate fact-finding and fair adjudication."  *Id.* (quoting *N. Jersey Media Grp.*, 2012 WL 5899331 at *8).  In particular, the public's interest in the factual claims of sexual assault cases "is very high."  *Doe v. Skyline Auto., Inc.*, 375 F. Supp.3d 401, 408 (S.D.N.Y. 2019); *see also Combs*, 2024 WL 4635309 at *6 (this

14

factor favors disclosure because alleged sexual misconduct by a celebrity is precisely "the kind of case that further[s] the public's interest in enforcing legal and social norms") (internal quotations omitted).

Because the allegations here are not abstract legal questions but specific factual allegations about certain alleged incidents, this factor weighs strongly against anonymity.

I.    **Whether Alternative Means Exist to Protect any Confidential Information (Factor 10)**

Anonymity is not warranted where there are other mechanisms to protect any confidential information that may be disclosed during discovery or as part of the case, such as "redaction of documents and/or sealing, protective orders, and confidentiality agreement." *Townes*, 2020 WL 2395159 at *6; *see also Combs*, 2024 WL 4635309 at *6 ("Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order"). Here, the Combs Defendants are willing to enter into a stipulated confidentiality protective order under which each party can designate as "confidential" during pretrial proceedings any materials viewed as highly sensitive. Such a protective order will adequately protect any legitimate privacy interest Plaintiff or any other party may have in documents or information exchanged in this case, such as private financial information or medical records. But Plaintiff cannot conduct the entirety of these proceedings under the cloak of anonymity, with the resulting prejudice to the public interest and the Combs Defendants' ability to defend themselves. Because alternative means exist to protect any legitimate privacy interest, this factor weighs against anonymity.

J.    **The Sealed Plaintiff Factors Weigh Overwhelmingly Against Anonymity**

As the above discussion makes clear, Plaintiff cannot carry her burden of justifying anonymity under the *Sealed Plaintiff* factors. Plaintiff has failed to substantiate her generalized

claims with *any* evidence that she would suffer mental harm from her name's disclosure, let alone that such harm outweighs the public's and the Combs Defendants' strong interests in an open and transparent litigation.  Plaintiff's maintenance of a pseudonym would run counter to the well-established principle that the requirements of Federal Rule of Civil Procedure 10 cannot be cast aside lightly and hinder the Combs Defendants' ability to conduct discovery and receive a fair trial.  The Anonymity Motion should be denied, and the Court should order Plaintiff to proceed under her true name if she intends to pursue this case.

## CONCLUSION

For all the foregoing reasons, the Combs Defendants respectfully request that the Court issue an order denying the Anonymity Motion and ordering Plaintiff to conduct this litigation using her true name.

Dated: February 18, 2024
       New York, New York

                             Respectfully submitted,

                             SHER TREMONTE LLP

By:    */s/ Mark Cuccaro*
        Mark Cuccaro
        Michael Tremonte
        Erica Wolff
        Raphael A. Friedman
        90 Broad Street, 23rd Floor
        New York, NY 10004
        (212) 202-2600
        mcuccaro@shertremonte.com
        mtremonte@shertremonte.com
        ewolff@shertremonte.com
        rfriedman@shertremonte.com
        *Attorneys for Combs Defendants*

16