```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JANE DOE,                                                          :
                                                                   :
                            Plaintiff,                             :
                                                                   :           24-cv-7777 (LJL)
        -v-                                                        :
                                                                   :        MEMORANDUM AND
SEAN COMBS, DADDY'S HOUSE RECORDINGS                               :              ORDER
INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a                        :
COMBS ENTERPRISES LLC, BAD BOY                                     :
ENTERTAINMENT HOLDINGS, INC., BAD BOY                              :
PRODUCTIONS HOLDINGS, INC., BAD BOY                                :
BOOKS HOLDINGS, INC., BAD BOY RECORDS                              :
LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY                            :
PRODUCTIONS LLC, and ORGANIZATIONAL DOES                           :
1-10,                                                              :
                                                                   :
                            Defendants.                            :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jane Doe ("Plaintiff") is one of numerous women who have sued the rapper Sean Combs, a/k/a "P. Diddy," a/k/a "Puff Daddy", a/k/a "Diddy," a/k/a "PD," and a/k/a/ "Love" ("Combs") in this District, alleging sexual assault. Dkt. No. 1 ¶¶ 12–19; Dkt. No. 32 ¶ 4. Plaintiff alleges that nearly 30 years ago, in or around June 1995, she was raped by Combs at a party at Elks Plaza in New York City. Dkt. No. 1 ¶¶ 34–41. Plaintiff filed her complaint on October 14, 2024. *Id.* She now moves for an order permitting her to proceed anonymously,

under the pseudonym "Jane Doe." Dkt. No. 31.[1] Defendants[2] oppose the motion. Dkt. No. 48. For the reasons that follow, the motion is denied.

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all the parties to a litigation. Fed. R. Civ. P. 10. This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. "The people have a right to know who is using their courts." *Id.* (internal quotation marks omitted) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The Second Circuit has identified a number of non-exclusive factors that are relevant to whether a plaintiff should be permitted to proceed pseudonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . ; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the

---

[1] Plaintiff first moved to proceed anonymously on October 16, 2024, Dkt. No. 13, after the Court directed that it would not permit the Clerk of Court to issue summons until such a motion was filed, Dkt. No. 12. On October 16, 2024, the Court made a preliminary determination that the complaint could be filed under a pseudonym and that the Clerk of Court should issue the requested summons. Dkt. No. 17. The Court directed Plaintiff to file a second motion to proceed anonymously within 30 days of the service of the complaint on pain that, if such a motion was not timely filed, the Court would order the name of the Plaintiff disclosed. *Id.*

[2] Plaintiff also sues companies allegedly owned or controlled by Combs. *Id.* ¶¶ 25–27.

>   public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotations omitted and alterations adopted); *see also United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020).

The court is not required "to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 189, 191 n.4. The presumption is that a plaintiff will disclose her identity. *See id.* at 189 (noting the "constitutionally-embedded presumption of openness in judicial proceedings"). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Pilcher*, 950 F.3d at 45.

The first factor, whether the litigation involves matters of a sensitive or personal nature, "favors the plaintiff's use of a pseudonym." *Doe v. Combs*, 2025 WL 268515, at *2 (S.D.N.Y. Jan. 22, 2025). Plaintiff alleges that she was assaulted and then raped by Combs at a party in New York. Dkt. No. 1 ¶¶ 34–41; *see Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) ("Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims'" (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006))). "However, allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Rapp*, 537 F. Supp. 3d at 528 (quoting *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019)); *see Doe v. Combs*, 2024 WL 4635309, at *2 (S.D.N.Y. Oct. 30, 2024), *reconsideration denied,* 2024 WL 4753565 (S.D.N.Y. Nov. 12, 2024); *Doe 1 v. Branca USA, Inc.,* 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) ("A claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or

3

psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously. Were it otherwise, virtually all claims of adult sexual assaults would ipso facto proceed anonymously.").

The second and the third factors concern whether Plaintiff would suffer harm if her identity were disclosed. These factors do not favor allowing Plaintiff to proceed anonymously. "Courts in this District have held that speculative claims of physical or mental harms are insufficient to bolster a request for anonymity." *Skyline Automobiles*, 375 F. Supp. 3d at 406. Rather, "[o]vercoming the presumption of openness requires particularized evidence that disclosure will cause injury." *Combs*, 2025 WL 268515, at *3. Plaintiff argues that there is a significant risk of physical harm if her identity is disclosed because Combs said to her after the rape that, "[y]ou better not tell anyone about this, or you will disappear," Dkt. No. 1 ¶ 43, and counsel declares that an overwhelming number of his clients have stated that Combs threatened them similarly, Dkt. No. 32 ¶ 4. However, the complaint relates to an event nearly thirty years ago; there is no evidence that Combs has been in contact with Plaintiff or made any threats in the last three decades. As important, the Court takes judicial notice that Combs is now under criminal indictment and is in federal custody at the Metropolitan Detention Center. *See United States v. Combs*, No. 24-cr-542 (S.D.N.Y.). The complaint identifies by name a number of persons who have accused Combs of rape and/or sexual assault. Dkt. No. 1 ¶¶ 12–14, 16–19. Plaintiff offers no evidence that those persons have been subject to threats as a result of their accusations.[3] Although counsel declares generally that others have similar fears, the declaration is not sworn or made under penalty of perjury under the laws of the United States and is thus

---

[3] The complaint does allege that Combs has engaged in acts of violence in connection with his assaults. *E.g.*, Dkt. No. 1 ¶¶ 10–11.

inadmissible. *See* 28 U.S.C. § 1746; *Cobalt Multifamily Invs. I, LLC v. Arden*, 857 F. Supp. 2d 349, 355 (S.D.N.Y. 2011). Plaintiff has not shown that Combs poses any threat to Plaintiff now or in the future or that the disclosure of Plaintiff's identity will create any harms to any third party.

Plaintiff additionally argues that having her experiences played out in a public forum, including "unwanted attention from the media," would result in "extreme psychological distress." Dkt. No. 33 at 5. However, Plaintiff relies only on "generic allegations" of mental harm applicable to any litigant bringing a sexual assault claim. *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999); *see Combs*, 2025 WL 268515, at *3. Similarly, the potential for media attention is present in every case against a public figure, but those are correspondingly the cases for which the public interest in understanding the allegations is highest. Without trivializing the difficulties of litigating a sexual assault claim against a high-profile defendant, the fact that a claim is of this type is not by itself sufficient to allow a plaintiff to proceed anonymously. *See Branca USA,* 2022 WL 2713543, at *2. Plaintiff has not introduced particularized medical or other evidence that revelation of Plaintiff's identity would cause "exceptional" emotional harm of the type that justifies anonymity. *Smith*, 105 F. Supp. 2d at 43 (citation omitted); *see Combs*, 2024 WL 4635309, at *3.

The plaintiff's age is critical to the fourth factor "as courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." *Doe v. Solera Cap. LLC*, 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019). Plaintiff is an adult and apparently was an adult at the time of the alleged assault. The fourth factor favors Defendants. *Branca USA*, 2022 WL 2713543, at *4.

The fifth *Sealed Plaintiff* factor concerns whether the suit challenges the actions of the government or that of private parties. "When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." *Solera Cap.*, 2019 WL 1437520, at *6. Plaintiff challenges purely private actors. This factor thus also favors Defendants.

The sixth factor asks whether the defendant is prejudiced by allowing the plaintiff to press her claims anonymously. Plaintiff argues that this factor favors anonymity because "[t]he Complaint sets forth the factual basis for Plaintiff's claims in detail" and "Plaintiff was anonymous to Combs before, during and after the sexual assault described in the Complaint." Dkt. No. 33 at 6. In examining the sixth factor, "courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as at the fundamental fairness of proceeding in this manner." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003). The sixth factor also favors Defendants. If Plaintiff's name is kept from the public, information about only one side may thus come to light. In particular, "persons with information about [Plaintiff] or [her] allegations that would be helpful to the defense but were unknown to the defendant might not come forward." *Branca USA*, 2022 WL 2713543, at *2. "This asymmetry between the parties not only would prejudice [Defendants], but would hinder 'the judicial interest in accurate fact-finding and fair adjudication.'" *Combs*, 2024 WL 4635309, at *5 (quoting *Rapp*, 537 F. Supp. 3d at 531)*; compare Doe v. N.Y.C. Hous. Auth.*, 2022 WL 2072570, at *2 (S.D.N.Y. June 9, 2022) (*"*The defendants know the plaintiff's identity, and there is no need for that identity to be publicized for the defendants to take discovery and defend this case."). Moreover, "courts have found that defending against such allegations publicly, while a plaintiff is permitted to make her accusations from behind a cloak of

6

anonymity, is prejudicial." *Branca USA*, 2022 WL 2713543, at *4 (internal citations and quotations omitted). "Additionally, the plaintiff's anonymity may undermine the defendants' efforts to mitigate the alleged reputational damage stemming from these serious allegations." *Combs*, 2025 WL 268515, at *4.

"The seventh *Sealed Plaintiff* factor is whether the plaintiff's identity has thus far been kept confidential. If confidentiality has not been maintained, courts typically reject a motion to proceed under a pseudonym." *Combs*, 2024 WL 4635309, at *5. Plaintiff has not spoken publicly about the incidents that underlie the causes of action in her complaint. Dkt. No. 32 ¶ 7. This factor favors Plaintiff.

The eighth favor, the public interest, is neutral. The public has an interest in knowing who has made an allegation against a public figure for, as the case comes before the Court, it may be that the allegation is untrue. *See Combs*, 2024 WL 4635309, at *5 (stating that the Court "must not . . . make any assumptions about whether [plaintiff's] allegations are true or false"). However, "[t]his interest is weighed against the public's competing 'interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.'" *Combs*, 2025 WL 268515, at *4 (quoting *Doe on behalf of Doe No. 1 v. Nygard*, 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020)).

The ninth and tenth factors favor Defendants. This is not a case in which "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and there do exist "alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. A protective order may "protect against disclosure of that information of the most personal and intimate nature." *Branca USA*, 2022 WL 2713543, at *4.

7

Thus, the only factors favoring anonymity are that Plaintiff allegedly was a victim of a heinous sexual assault and has kept that assault confidential. But Plaintiff cannot be granted anonymity merely because she brings a sexual assault claim, regardless of the severity of her allegations. *See Rapp*, 537 F. Supp. 3d at 528; *Skyline Automobiles*, 375 F. Supp. 3d at 405; *Combs*, 2024 WL 4635309, at *2; *Branca USA,* 2022 WL 2713543, at *2. The very gravity of the charges, combined with the fact that Plaintiff has presented no evidence of specific and concrete harm from disclosure of her identity and the severe prejudice to Defendants from keeping that identity confidential, undermine her claim to proceed anonymously.

The motion to proceed anonymously is DENIED. Plaintiff shall file a complaint in her own name by March 20, 2025, or this case will be dismissed.

The Clerk of Court is respectfully directed to close Dkt. No. 31.

SO ORDERED.

Dated: March 6, 2025
      New York, New York

                                           _____
                                                    LEWIS J. LIMAN
                                                United States District Judge